UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COREY C. ISAACSON,

       Petitioner,

       v.                                                                                          Case No. 06-C-0756

JODINE DEPPISCH,
Warden, Fox Lake Correctional Institution,

       Respondent.

**ORDER ON RULE 4 REVIEW**

On July 13, 2006, the petitioner, Corey C. Isaacson ("Isaacson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As best as the court can glean from Isaacson's petition, from the attachments thereto, and from information obtained at the Wisconsin Court System web site, on July 14, 2004, in the Douglas County Circuit Court, Isaacson plead guilty to a violation of Wis. Stat. §§ 943.01(1) (Case No. 2004CF000087). On that date, sentence was withheld and Isaacson was ordered to serve a term of probation. Thereafter, on August 30, 2005, Isaacson's probation for his 2004 conviction was revoked and he was ordered to serve one year in prison. On that same date, Isaacson plead no contest to a violation of Wis. Stat.§§ 946.415(2) and 947.01 (Case No. 2005CF000149) and was sentenced to serve one year in state prison followed by one year of extended supervision, with the sentence to run consecutive to his sentence in Case No. 2004CF000087. On October 13, 2005, Isaacson filed a writ of mandamus in the circuit court, which writ was denied on November 23, 2005. On January 9, 2006, Isaacson filed a postconviction motion pursuant to Wis. Stat. § 974.06. That motion was denied by the circuit court on February 9, 2006.

Thereafter, on May 22, 2006, Isaacson filed a petition for a writ of habeas corpus with the Wisconsin Supreme Court. That petition was denied by the Supreme Court on June 14, 2006.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

An application for a writ of habeas corpus may be granted on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus jurisdiction is limited to claims of violations of federal law. *Brewer v. Aiken*, 935 F.2d 850, 854 (7th Cir. 1991).

Before considering the petitioner's claims, however, the court must determine whether the petitioner provided the state courts "a full and fair opportunity to review the petitioner's claims through its own judicial processes before asserting federal review." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *see also* 28 U.S.C. § 2254(b). In making such a determination,

> a district court must make two inquiries — whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred whether for a failure to exhaust state remedies or for a procedural default.

*Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988). A petitioner has exhausted state remedies when he has presented his claims to the highest state court for a ruling on the merits or when the petitioner cannot bring his claims in state court because no remedies remain available at the time he

filed his petition. *Farrell*, 939 F.2d at 410.

It is very difficult for me to understand the precise nature of Isaacson's federal constitutional claims. His petition is, to say the least, less than elucidating. However, even assuming that any of his claims were to have arguable merit, it is not at all clear to me that Isaacson has exhausted whatever state court remedies might be available to him. Consequently, the respondent will be ordered to file a written submission setting forth her position (and support therefor) regarding the question of whether the petitioner has exhausted his state court remedies on the claims presented in his federal petition for a writ of habeas corpus. The respondent may also present in that written submission any information which she deems would be helpful to this court in carrying out its Rule 4 responsibilities.

In light of the foregoing, the respondent is ordered to file with this court <u>no later than September 1, 2006</u>, a written submission setting forth her position (and support therefor) regarding the question of whether the petitioner has exhausted his state court remedies. The petitioner is ordered to file his response to the respondents' written submission <u>no later than September 22, 2006</u>. Upon review of the parties' submissions, the court will issue further orders as appropriate.

**SO ORDERED** this <u>19th</u> day of July 2006, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge