UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COREY C. ISAACSON,

    Plaintiff,

  v.                                      Case No. 06-C-0756

JODINE DEPPISCH, Warden,
Fox Lake Correctional Institution,

    Defendant.

---

### DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION

---

On July 13, 2006, Corey C. Isaacson ("Isaacson"), the petitioner in this federal habeas corpus action, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to Isaacson's petition, on August 30, 2005, after a no contest plea, he was convicted of failure to comply with an officer's attempt to take him into custody, in violation of Wis. Stat. § 946.415(2). He was sentenced to one year in state prison followed by one year of extended supervision. This sentence was ordered to run consecutively to a county jail sentence previously imposed after revocation of probation for the offenses of criminal damage to property and attempted battery to a firefighter, to which Isaacson had pled guilty and was convicted on July 14, 2004. That judgment was entered after revocation of probation on September 6, 2005, in the Douglas County Circuit Court.

Isaacson did not directly appeal either of the judgments of conviction in the state courts. Rather, he filed a motion for a writ of mandamus as well as various post-conviction motions in the Douglas County Circuit Court. The motions argued for relief based on statutory ambiguity and lack

of subject matter jurisdiction. These motions were denied. Isaacson then filed a state habeas corpus petition in the Wisconsin Supreme Court. This petition was denied, ex parte.

Given the procedural posture of this case as presented in the petition, it was not clear whether the petitioner had exhausted his state court remedies. Accordingly, the respondent was ordered to file with this court no later than September 1, 2006, a written submission setting forth her position (and support therefor) regarding the question of whether the petitioner had exhausted his state court remedies. The petitioner was ordered to file his response to the respondent's written submission no later than September 22, 2006. Both parties have now submitted their respective submissions and the court has reviewed the same. For the reasons set forth below, Isaacson's petition for writ of habeas corpus will be dismissed.

An application for a writ of habeas corpus may be granted on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Title 28 U.S.C. § 2254(b)(1) provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>   (A) the applicant has exhausted the remedies available in the courts of the State;
>   (B)(i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order

to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847. Moreover, a petition for writ of habeas corpus should be dismissed without prejudice if state remedies are not exhausted as to any one of the petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

At the same time, the procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir.1996). "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."

3

*Coleman*, 501 U.S. at 732 (1991). His procedural default nonetheless forecloses habeas relief, for "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 731-32.

A federal habeas court will only review a defaulted claim if the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (1991); *see also Dressler v, McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and that the defect of which he claims "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 488-89 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner must show that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

Isaacson raises four grounds for relief. Ground one alleges that Wis. Stat. § 946.415(2) is vague, resulting in a lack of subject matter jurisdiction. Ground two alleges that portions of his trial

4

transcript were missing, causing him to be unable to file a suppression motion and to subsequently plead guilty. Ground three alleges that the statutes he was convicted under lack an enacting clause and thus there was no subject matter jurisdiction. Ground four alleges prosecutorial misconduct stemming from a conflict of interest.

On October 13, 2005, Isaacson filed motions in the Douglas County Circuit Court for a writ of mandamus and dismissal based on statutory ambiguity, missing sections of transcripts in the preliminary hearing, and a lack of subject matter jurisdiction. These three grounds for post-conviction relief appear to be the same as the first three grounds presented in his federal habeas petition. The motions were denied on their face by the circuit court, and Isaacson did not appeal their denial. Instead, on November 12, 2005, Isaacson filed more motions in the Douglas County Circuit Court, specifically a motion to dismiss for lack of subject matter jurisdiction and a motion to dismiss for failure to state a counterclaim after filing an Answer. These motions were denied on their face, with the circuit court reasoning that the motion to dismiss for lack of subject matter jurisdiction was identical to the original filing, and that the motion to dismiss for failure to state a counterclaim was irrelevant to Isaacson's post-conviction criminal file.

On January 9, 2006, Isaacson appears to have filed in the Douglas County Circuit Court another post-conviction motion to dismiss for lack of subject matter jurisdiction. After a hearing, the court denied the motion. On May 22, 2006, Isaacson filed a habeas corpus petition in the Wisconsin Supreme Court asserting the same claims as those that had been asserted the initial post-conviction filings, as well as a claim of prosecutorial misconduct. Once again, these claims appear to be the same as those that are presented in the federal habeas petition.

5

Isaacson never appealed from either judgment of conviction on direct review. Nor did he appeal from the circuit court's denying his motion for post-conviction relief under Wis. Stat. § 974.06. Instead, he filed a habeas corpus action in the Wisconsin Supreme Court, thereby bypassing the Wisconsin Court of Appeals.

Isaacson has technically exhausted the state court remedies available to him. This is because the time deadlines for filing a direct appeal have long since passed, as have the deadlines for appealing the denial of his motions for post-conviction relief. *See* Wis. Stat. § (Rule) 809.30(2); Wis Stat § 974.06. Thus, Issacson has no further means available for pursuing a review of his convictions in state court.

However, although Isaacson has technically exhausted his state court remedies, he has also procedurally defaulted his claims. This is because he failed to present his claims to the state courts at the time and in the manner required by the state. Isaacson could have appealed to the Wisconsin Court of Appeals the denial of his post-conviction motions and then filed a petition for review with the Wisconsin Supreme Court. But, he chose to not directly appeal his conviction to the Wisconsin Court of Appeals and elected instead to file a petition for habeas corpus relief in the Wisconsin Supreme Court. By bypassing the state court of appeals, he failed to provide that court any opportunity to consider any of his challenges on either direct review or collateral review. Stated another way, he has not provided the state courts with a full and fair opportunity to review his claims. "[F]ailure to pursue a discretionary appeal to the highest court of the state constitutes a procedural default that bars resort to federal habeas corpus relief . . . . [T]he procedural default rule . . . applies with equal force in a case . . . on collateral review." *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

6

As discussed above, Isaacson can only revive his procedurally defaulted claims if he can establish either (1) cause for his procedural default and prejudice resulting from the alleged violations of federal law, or (2) that the failure of the federal court to consider the claims will result in the continued confinement of someone who is actually innocent. Isaacson is unable to make either showing.

With regard to cause and prejudice, there was no external, objective factor which impeded his efforts to comply with Wisconsin's procedural rules. To the contrary, Isaacson made a conscious decision to bypass standard appellate procedures and instead filed a petition for writ of habeas corpus with the Wisconsin Supreme Court. His pro se status and lack of legal knowledge is not sufficient to revive his procedurally defaulted claims. *See Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992).

Isaacson is also unable to demonstrate a fundamental miscarriage of justice by showing that he is actually innocent. "To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have. . . . powerful evidence." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). Given that he entered a guilty plea and a plea of no contest to violating Wisconsin criminal statutes, Isaacson is unable to demonstrate that it is more likely than not that no reasonable juror would have convicted him. Indeed, Isaacson admits to violating the criminal statutes, and is only arguing that these statutes are somehow unconstitutional.

In conclusion, Isaacson has procedurally defaulted his claims. Consequently, Isaacson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 will be dismissed.

**NOW THEREFORE IT IS ORDERED** that Isaacson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be and hereby is **DISMISSED**.

7

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this <u>3rd</u> day of October 2006, at Milwaukee, Wisconsin.

<u>s/ William E. Callahan, Jr.</u>  
WILLIAM E. CALLAHAN, JR.  
United States Magistrate Judge